IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
                                                       : CASE NO. 1:13 CV 02284
LISA R. SANDERS,                           :
                                                      :
                                 Plaintiff,   :
                                                      :
                 -vs-                         : <u>MEMORANDUM OF OPINION AND</u>
                                                      : <u>ORDER</u>
                                                       :
JANET MCDOWELL, et al.,        :
                                                       :
                              Defendants.
-------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

     Before the Court is a motion to dismiss for failure to state a claim upon which relief can be granted, filed by defendants Janet McDowell and Cleveland Metropolitan School District Board of Education ("CMSD"). Plaintiff Lisa R. Sanders has responded in opposition, and the defendants have replied. For the reasons that follow, the motion will be granted.

     **I. Background**

     The factual allegations that follow are accepted as true for the purpose of deciding the defendants' motion. Plaintiff Lisa R. Sanders is a career teacher and a former assistant principal at the Walton School ("Walton") in Cleveland, Ohio.

(Complaint, ¶¶1,2). Walton is a public school composed of students from kindergarten through eighth grade. As an assistant principal at Walton, Ms. Sanders was charged with administrative duties and the discipline of students. Defendant CMSD, which administers public education in Cleveland, Ohio, employed Ms. Sanders. (Complaint, ¶1). Defendant Janet McDowell was the principal at Walton and Ms. Sanders' supervisor. (Complaint, ¶2).

On 5 March 2012, after approximately 16 years of employment with CMSD, the plaintiff was advised that her bi-annual employment contract, which was set to expire on 30 June 2012, would not be renewed. (Complaint ¶¶3,6). In the months leading up to CMSD's decision not to renew, several things happened. Beginning in January 2012, Walton's principal, defendant Janet McDowell issued a negative performance evaluation of the plaintiff which highlighted her poor judgment and insubordinate behavior. (Complaint ¶7). The evaluation indicated that Ms. McDowell would not recommend renewal of Ms. Sanders' employment contract. Ms. Sanders claims that if it were not for this "false" and "defamatory" evaluation her contract would have been renewed. (Complaint ¶7).

Then, in February, there was an incident at Walton. According to Ms. Sanders' complaint,

> a student engaged in a violent altercation at school and narrowly avoid injury [sic] other innocent students.
>
> * * *
> During this same incident, another student acted in an unruly manner which could have injured female students by his falling off a window ledge onto them at a lunch table and the Plaintiff was criticized for her attempts to control that student as well who was also screaming profanities at the Plaintiff. [sic].

2

(Complaint ¶¶8-9). Following this episode (or possibly while it was ongoing), Ms. Sanders spoke to the parent of one of the misbehaving students, who allegedly "refused to exercise appropriate control and parenting skills in dealing with [her child]." (Complaint ¶8). The plaintiff advised the parent that she needed "to exercise control over her son given [sic] he was acting in a violent manner." (Complaint ¶9). The plaintiff claims the mother and the student both threatened to assault her. Id.

Following this interaction, Ms. Sanders was suspended and ordered to leave the school premises. Id. The stated reason for her suspension was that she had spoken to the student's mother in a threatening manner. Id. Ms. Sanders, for her part, maintains that she never threatened the mother; rather, she spoke to both the mother and the child in the interest of "public safety." (Complaint ¶¶8-9). At some point after the incident, though it is not clear precisely when, with whom, or in what context, Ms. Sanders was "critical of [Principal] McDowell and [CMSD] relative to the treatment of the said unruly student and in the interest of public safety and improved school by management which has suffered a reputation for tolerating incompetent leadership for decades. [sic]" (Complaint, ¶11).

In March of 2012, CMSD held a hearing and Ms. Sanders testified as to the reasons why her contract should be renewed. Although Ms. Sanders claims to have offered "compelling reasons" to show that dismissal was unwarranted, her contract was not renewed.

On 16 September 2013, Ms. Sanders filed this lawsuit in Cuyahoga Court of Common Pleas against Principal McDowell, CMSD, and Wayne Belock, Chief Legal Counsel for CMSD. The case was removed to this Court on 15 October 2013, and

3

Attorney Belock promptly moved for dismissal of the complaint as to him, on the ground that he was improperly joined. Upon observing that the complaint does not contain a single factual allegation that implicated Mr. Belock, the Court granted the motion and dropped him from the suit.

The complaint sets forth two constitutional claims pursuant to 42 U.S.C. § 1983, both alleging a deprivation of Ms. Sanders' First Amendment right of free speech. In count one, she claims that the defendants, while acting under the color of state law, suspended her and refused to renew her contract, in retaliation for her having expressed her opinion with regard to "student safety at a public school and the lack of effective leadership on the part of school management." Count two also alleges a claim for First Amendment retaliation, which is, essentially, identical to Count one: the plaintiff again maintains that her free speech rights were violated when she was suspended and her contract not renewed.

The defendants now move for dismissal for failure to state a claim upon which relief can be granted pursuant to Federal Rule 12(b)(6).

**II. Federal Rule of Civil Procedure 12(b)(6)**

The plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A 12(b)(6) motion tests the sufficiency of the complaint. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference

4

that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

### III. Law and Argument

To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege that she (1) was deprived of a right, privilege, or immunity secured by the Constitution or law of the United States; and (2) that the deprivation was caused by a person while acting under the color of state law. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978). In this instance, the defendants do not dispute that their actions were taken under the color of state law. As such, the discussion that follows relates only to whether Ms. Sanders was deprived of a right secured by the United States Constitution.

A plaintiff claiming First Amendment retaliation must establish the following elements: (1) that she was engaged in a constitutionally protected activity; (2) that the defendants' adverse action caused the plaintiff to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the adverse action was motivated at least in part as a response to the exercise of the plaintiff's constitutional rights. Leary v. Daeschner, 228 F.3d 729, 737 (6th Cir.2000).

*Whether the plaintiff engaged in constitutionally protected activity*

It is undisputed that Ms. Sanders is a public employee. As such, her right to free speech is limited by the needs of her employer in "attempting to perform [its] important public functions." Garcetti v. Ceballos, 547 U.S. 410, 420 (2006). To strike a balance between these two interests, the Court applies Garcetti's three-part test to determine whether a plaintiff engaged in protected conduct. Under Garcetti, a plaintiff must demonstrate

5

> (1) that she spoke as a private citizen, rather than pursuant to her official duties; (2) that her speech involved a matter of public concern; and (3) that her interest as a citizen in speaking on the matter outweighed the state's interest, as an employer, in "promoting the efficiency of the public services it performs through its employees."

Handy-Clay v. City of Memphis, Tenn., 695 F.3d 531, 540 (6th Cir. 2012).

In this instance, the complaint does not satisfy these requirements, as it fails to set forth specific facts demonstrating that the plaintiff spoke as a private citizen on a matter of public concern. Ms. Sanders alleges that she was critical of Ms. McDowell and CMSD with respect to the school's policy on student safety, but, as the defendants are quick to point out, she fails to explain the circumstances surrounding her criticism. Based on the complaint, it is not apparent what exactly she said, to whom she said it, or in what context. While Ms. Sanders suggests that these details are irrelevant to the question before the Court, the case law says otherwise. The details *are* important, even at the pleading stage. See id. at 543 (considering the circumstances surrounding an alleged act of free speech on a motion to dismiss).

When deciding whether a public employee speaks pursuant to her official duties, the Court considers the "content and context" of the statement, Fox v. Traverse City Area Pub. Sch. Bd. of Educ., 605 F.3d 345, 348 (6th Cir. 2010), including "the impetus for her speech, the setting of her speech, the speech's audience, and its general subject matter." Weisbarth v. Geauga Park Dist., 499 F.3d 538, 546 (6th Cir. 2007). And whether a public employee speaks on a matter of "public concern" depends on "the communicative purpose of the speaker," Dambrot v. Central Mich. Univ., 55 F.3d 1177, 1187–88 (6th Cir.1995), as determined by consideration of the "content, form, and context of [the] statement, as revealed by the whole record." Connick v. Myers, 461 U.S.

6

138, 147-48 (1983).

Viewing the complaint in a light most favorable to the plaintiff, the Court is unable to discern, either directly or by reasonable inference, the specific circumstances of Ms. Sanders' allegedly protected communication. The complaint only supplies vague possibilities with respect to the requisite details. For instance, it appears possible that Ms. Sanders engaged in protected conduct when she "defended herself to Defendant McDowell" following the incident with the unruly student's mother. Or she may have exercised her free speech rights when she appeared for the hearing before the School Board, after the Board agreed to "listen to the Plaintiff's reasons as to why her contract of employment should be renewed." A third possibility is that she allegedly engaged in protected speech when she spoke to the unruly student's mother. The trouble is, Ms. Sanders never actually explains, in any coherent way, which circumstance, if any of them, gave rise to the speech for which she now seeks First Amendment protection.

It is not the business of this Court to take guesses. Nor are the defendants required to guess at the facts underlying the claims asserted against them. While the alleged subject of Ms. Sanders' speech (student safety in public schools) is undoubtedly important, it is not enough for the plaintiff to simply allege that she spoke about this topic, without providing any of the relevant details, and then claim that her free speech rights were violated when the defendants later declined to renew her contract. To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988) (citations and internal quotation marks omitted). In this instance, the

plaintiff provides insufficient facts to support necessary elements of her claim, i.e. that she spoke as a private citizen on a matter of public concern. Therefore, the plaintiff has failed to state a plausible claim that she engaged in constitutionally protected activity when she was "critical of Defendant McDowell and [CMSD] relative to the treatment of the said unruly student."

### IV. Conclusion

For the reasons stated above, the defendants' motion to dismiss is granted.

IT IS SO ORDERED.

                                           /s/ Lesley Wells
                                           UNITED STATES DISTRICT JUDGE

Date:  27 August 2014